Okay. All right. Can you hear me? Yes, I can hear you. All right. Just keep your voice up and you have five minutes. You can begin whenever you're ready. And we have Ms. Pollock here is in the courtroom. Good morning, Your Honors. Thank you for allowing me to do this Zoom. Substantial evidence the ALJ was given, the ALJ did not use PTSD, MSD, substantial evidence to make decisions about disability. The premise is regardless of condition, able to do other work with PST illness. Other work was done with illness, PSTD described as depression. Vocational school to show I have performed and completed pharmacy tech in 2014 and obtained 90 college credits. The current mental abilities are C limitations, restrictions in May 2022 hospitalized for suicidal ideation attempt due to landlord harassment. In February 2024, hospitalized for suicide ideation due to housing authority. Meds prescribed inpatient made me in 2022, 2024, hospitalized. How would grid rules be applied to current RFCD? Three hospitalizations and I have caseworkers that helped me. Caseworkers have been assigned and not given weight by using the defendant's analysis of Dr. Green and Dr. Bonds. It's clear that their style of therapy did not match with my circumstance. The defendant explains their response that Dr. Green was not able to help me refocus thoughts with social security. The first search section, the first session in June 2018 with Dr. Green, he has supportive therapy to enhance coping and clarify psychodiagnostics. All of his MSEs described me as distraught, presenting as victimized and proclaiming helpless. Is it possible that this is PTSD, MST? Green did not do any tests. Boggs, the psychiatric pharmacist, did a PTSD assessment in opinion. All objective lines are blank. For these reasons, and the fact that social security attorneys are using incompatible therapy against me, I have requested for a second time to have medical records amended to have Green and Dr. Boggs' mental health progress notes deleted and replaced with a statement from Dr. Ingram, March 7, 2023, Assessment Psychiatric History of MBD, PTSD, MST, and Dr. Hicks' progress notes of December 1, 2022, saying Psychiatric History of MBD, PTSD, MST. The ALJ's assessment did not adequately account for mental limitation of SI symptoms in addition. What type of other unskilled work would match with age, MBD, PTSD, MST, with suicide ideation? If the dictionary of occupational titles was rendered obsolete and replaced by an online database, which was last published March 1999, why is it being used to determine workability in 2017-2020? And lastly, health equity is the state in which everyone has a fair and just Thank you, Ms. Henderson. Thank you for staying within your time. You covered a lot of ground there. I appreciate that. We'll now hear from the government. Ms. Pollack. Good morning. May it please the Court. The Commissioner's decision that Ms. Henderson was not disabled within the meaning of the Social In making this determination, the ALJ took into account Ms. Henderson's depression, and the ALJ assessed that she had fairly significant limitations as a result. In particular, the ALJ found that she was capable of simple, routine, and repetitious work that did not require teamwork or interaction with the public and required only occasional interaction with coworkers and supervisors. Based on these limitations, the ALJ found that she could not perform her past relevant work, which was performed at the semi-skilled level. The ALJ's RFC determination in this case was supported by substantial evidence. That evidence included the assessments of two state agency psychologists who both found that she could perform simple work with social limitations, which the ALJ accounted for in the RFC. Additionally, the ALJ considered her treatment notes and reports of improvement. The ALJ also considered her range of activities during her period and took all this into account in finding what her limitations were. Moreover, she's raised a number of other challenges, both before this Court now and in her brief. However, she was represented by counsel before the District Court and has failed to raise these, and as such, they're waived. Additionally, it's the Commissioner's position, as additional arguments are without merit. Accordingly, the Commissioner's decision in this case is supported by substantial evidence, and we ask the Court that affirmative. Unless the Court has any questions, I rest my brief. All right. Thank you, Ms. Pollack. Thank you again, Ms. Henderson. We'll reserve decision.